Defendant-appellant Antonio R. Reurer appeals the September 11, 1998 Judgment Entry of the Richland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE
On December 4, 1996, the Richland County Grand Jury indicted appellant on one count of having a weapon under a disability, in violation of R.C. 2923.13. At his arraignment on December 10, 1996, appellant entered a plea of not guilty.
On January 17, 1997, appellant filed a Motion to Dismiss and/or Suppress the Use of Evidence. Appellant argued evidence obtained from a police search of his vehicle during a traffic stop should be suppressed because the search was conducted without probable cause and without the owner's consent. A hearing on appellant's motion was held before a magistrate on February 14, 1997.
The following evidence was adduced at the hearing. During the early morning hours of October 26, 1996, Patrolmen Joseph Petrycki and Charles Norris, Jr., who were in uniform and in a marked cruiser, were on patrol when they observed a 1985 red Buick coming out of a parking lot. When the vehicle pulled out, it headed in a northerly direction. After observing the vehicle's license plate light was completely out, the patrolmen activated the cruiser's emergency lights and pulled the vehicle over. Appellant was the driver of the vehicle and Martin Rawls was his passenger.
Both patrolmen approached the vehicle. After obtaining appellant's driver's license, both officers returned to the cruiser and conducted a computer check of appellant's driving status via the computer. The officers left both appellant and his passenger in the vehicle at this time although Patrolman Norris knew appellant and the passenger. Patrolman Norris had "taken some intelligence information" both had dealt narcotics before. He testified both men were suspects in a two-year old murder case. (Transcript of Proceedings at 27-29) As a result of a LEADS check, the patrolmen learned appellant was driving without an operator's license. When told of the check results, appellant informed the patrolmen he was unaware his driving privileges had been suspended. Patrolman Petrycki then patted appellant down and placed him in the back seat of the police cruiser while he wrote out a citation for no operator's license. Patrolman Petrycki testified, at that point in time, he did not intend to arrest appellant and did not place appellant in handcuffs.
While Patrolman Petrycki was with appellant in the cruiser, Patrolman Norris proceeded to search the lunge area of the vehicle without appellant's consent. Rawls, who also did not have an operator's license, left the scene in order to find a licensed driver so the vehicle would not be towed. The officers did not frisk Rawls before his departure.
Patrolman Norris testified he searched the vehicle because he was familiar with both appellant and Rawls, through their narcotic dealings and the murder case, and he believed there was a possibility they might be armed. Although two other individuals had been tried and convicted in the murder of Eric Murphy approximately two years earlier, Norris testified the woman riding with Murphy on the day of the murder had "made comments she thought [appellant] was in the car [from which the shots were fired that killed Murphy]." Tr. at 37. However, Norris admitted not only the woman was not certain whether appellant was in the car, but also she did not testify to the same at the murder trial.
As a result of the search of the vehicle, Patrolman Norris found a 9 millimeter Smith Wesson in the unlocked glove compartment. Appellant told the patrolmen he bought the gun that day. When asked, appellant stated the magazine was in the trunk, where it was eventually found. The officers confiscated the weapon and issued a summon to appellant for mishandling of a firearm in a motor vehicle, in violation of Mansfield City Code Section 549.04(c)(2), and driving under suspension, in violation of Mansfield City Code Section 335.07.
After the paperwork was completed, appellant and his vehicle, which had come back as registered to a woman, were released to a gentleman who returned with Rawls.[1] Both patrolmen testified, at all times, appellant and Rawls were fully cooperative and had not acted aggressively towards them. The officers also stated, at no point during the stop, did they intend to take appellant into custody.
After the discovery of a pending aggravated trafficking indictment against appellant in case number 96-CR-74H, appellant was indicted for having a weapon under a disability.
On March 28, 1997, the magistrate issued an order overruling appellant's Motion to Suppress. Appellant's request for an amended magistrate's report was overruled pursuant to a Judgment Entry filed June 4, 1997. On June 12, 1997, appellant filed a Motion for Leave to File Objection to the Magistrate's Report and his Objection to the Magistrate's Decision. On June 17, 1997, the State filed its response. On July 1, 1997, the court denied the request for permission to file an untimely objection to the magistrate's decision, and specifically adopted the decision as its order. Thereafter, on May 19, 1998, appellant entered a plea of no contest to the offense. At the same time, the trial court dismissed the aggravated trafficking charges.[2] An entry memorializing appellant's plea was filed on May 20, 1998. On September 10, 1998, the trial court sentenced appellant to three (3) years of community control. The Sentencing Entry was filed on September 11, 1998.
It is from the September 11, 1998 Judgment Entry appellant prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT OVERRULED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS THE USE OF EVIDENCE OBTAINED AS A RESULT OF AN UNCONSTITUTIONAL SEARCH OF AN AUTOMOBILE INCIDENT TO A CITATION WHICH RESULTED FROM A ROUTINE TRAFFIC STOP, ALL TO THE PREJUDICE OF DEFENDANT-APPELLANT.
This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982) 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486, State v. Guysinger
(1993) 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. SeeState v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v Curry
(1994), 95 Ohio App.3d 93, 96, State v. Claytor (1993), 85 Ohio App.3d 623,627, and State v. Guysinger, supra. As the United States Supreme Court held in Ornelas v. U.S. (1996),116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
Appellant contends the search of his vehicle under the circumstances violated his rights under the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution, which require the police to obtain a warrant based upon probable cause before conducting a search. Appellant further asserts his rights under the Fourteenth Amendment to the United States Constitution were violated.
The warrant requirement contained in the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution is subject to a number of exceptions. A police officer may, for example, conduct a warrantless search of a vehicle if he has probable cause to suspect the vehicle contains contraband. Carroll v. United States (1925),267 U.S. 132. An officer also may search suspicious items in a vehicle if those items are in the officer's plain view. Texas v. Brown
(1983), 460 U.S. 730. In addition, an officer may, with limited exceptions, conduct a warrantless search of a vehicle incident to a lawful arrest. United States v. Robinson (1973),414 U.S. 218.
Moreover, the United States Supreme Court in Michigan v. Long
(1983), 463 U.S. 1032, held a police officer may search the passenger compartment of a vehicle, limited to those areas in which a weapon may be placed or hidden, if the officer possesses "a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officer to believe that the suspect is dangerous and that the suspect may gain immediate control of weapons." Id. at 1050, citing Terryv. Ohio (1968), 392 U.S. 1, 21. The Court in Long held the issue was whether a reasonably prudent person under the circumstances would be warranted in believing his safety or that of others was in danger.
At the time the glove box was searched, the officers intended to release appellant and allow him and Rawls to leave with the vehicle, if Rawls returned with a licensed driver. The fact the officers intended to release appellant, thereby giving him immediate control over any contraband in the vehicle, coupled with the intelligence information known to the police officers at the time as set forth supra, we conclude the search was valid pursuant to the authority of Long, supra.
Appellant's sole assignment of error is overruled.
The judgment of the Richland County Court of Common Pleas Court is affirmed.
By Hoffman, J., Wise, P.J. concur.
Edwards, J. dissents.
-----------------------
-----------------------
 ----------------------- JUDGES
[1] Patrolman Norris testified Rawls was gone a total of ten to fifteen minutes.
[2] The charges of mishandling of a firearm and driving under suspension previously had been dismissed in the Mansfield Municipal Court.